[Sac. No. 4397. In Bank.—August 31, 1931.]

GEORGE E. SLAUGHTER, Respondent, v. EMMA K. VAN WINKLE, Appellant.

Brown & Chamberlain and L. J. Maddux for Appellant.

Vernon F. Gant for Respondent.

THE COURT.—The plaintiff brought an action for damages for alienation of his wife's affections by the defendant, the wife's aunt. The jury returned a general verdict in plaintiff's favor for $6,000, and divided it, by answers to special interrogatories, into $3,000 compensation for actual and $3,000 for punitive or exemplary damages. A motion for a new trial was denied.

The appellant's principal contention is the alleged insufficiency of the evidence to justify the verdict, the special point stressed being that plaintiff failed "to prove malice by that high degree of testimony required by the law".

At the time of their marriage the respondent's wife was a widow, thirty-seven years of age. She owned a twenty-acre

walnut orchard and other interests, and occupied the lower apartment of a residence owned jointly by herself and the defendant aunt, who occupied the upper portion with her husband. After a courtship of eight months the plaintiff and the widow were married, apparently to the great mental distress of the aunt, who seemingly assumed a foster-mother attitude toward the plaintiff's wife. After the marriage the couple took up their abode in the portion of the house theretofore occupied by the wife, and there followed a hectic period of hostility on the part of the aunt toward the plaintiff, with accompanying discord, intrusions, interferences, threats, arrest upon criminal and insanity charges and physical encounters. Finally, the respondent was asked to leave the premises by his wife, because of threatened litigation between her and her aunt over the property. Respondent thereupon took up his residence with his parents near by, but after a period resumed marital relations in the former home. Respondent and his wife finally separated, although communicating with each other and interchanging visits. Finally the wife sued respondent for a divorce.

The record presents a case of conflicting inferences and conclusions. The evidence is such that the verdict of the jury could have been either for the plaintiff or the defendant, and this court would have been compelled to sustain it.

Appellant also urges that the amount of the verdict is excessive. In answer thereto the respondent relies on the well-settled rule that it is only where the excess appears as a matter of law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice and raise at once a presumption that it is the result of passion, prejudice or corruption, rather than honest and sober judgment, that either a trial or an appellate court may exercise its power to set aside the verdict on the ground that it is excessive. (8 Cal. Jur. 834, sec. 88, and cases cited.) We have no quarrel with this rule, but, upon an examination of the entire record, we are of the view that any amount in excess of $2,500 as actual and $500 as punitive damages can be ascribed to no other cause than passion or prejudice. Our power to thus interpose our judgment has often been

recognized where upon the record the amount of the verdict is so large as to suggest at first blush the existence of the above conditions. (*Livesey* v. *Stock*, 208 Cal. 315, 322 [281 Pac. 70]; *Simoneau* v. *Pacific Elec. R. Co.*, 166 Cal. 264, 277 [49 L. R. A. (N. S.) 737, 136 Pac. 544].)

The judgment is accordingly reversed and the cause remanded to the lower court for a new trial unless, within thirty days from the filing of the *remittitur* in the court below, plaintiff shall remit from the judgment all except the sum of $3,000 and the costs as at present adjudged therein, neither party to recover from the other costs on this appeal. If such remission be made, then, in that event, the judgment shall stand affirmed; otherwise it shall stand reversed.