[No. 18312.   Department One.—September 6, 1894.]

## CLARA B. PERRY, APPELLANT, *v.* W. G. ROSS, RESPONDENT.

HUSBAND AND WIFE—COMMUNITY PROPERTY—MONEY ADVANCED FOR PURCHASE OF LAND.—The husband has the control and management of money which is community property, and money advanced by a third party for the purchase of land by the husband is community property in the hands of the husband.

ID.—HOMESTEAD—PURCHASE OF OUTSTANDING TITLE—RIGHTS OF LENDER —LIEN—RESULTING TRUST.—If one having a homestead borrows money to buy an outstanding title, or claim of title against it, the lender does not thereby acquire a lien upon the homestead; nor is there any resulting trust in favor of one who lends money to another with which to buy land.

ID.—HOMESTEAD EXEMPTION—LAND—CLAIM OF TITLE.—That which is covered by the exemption of a homestead is the land, and not any particular claim of title to it.

ID.—PURCHASE OF EQUITABLE TITLE—SUBJECTION TO HOMESTEAD CLAIM—CONVEYANCE BY HUSBAND.—Where a husband in possession of land has filed his declaration of homestead, and afterwards enters into a contract for the purchase of the land from the owner, he obtains an equitable title which is subject to the homestead claim, and which he cannot convey apart from the land or otherwise than is provided in the homestead law.

ID.—ASSIGNMENT BY HUSBAND — SECURITY FOR LOAN OF PURCHASE MONEY—TIME OF HOMESTEAD CLAIM.—The assignment of the contract of purchase by the husband to one who loaned the purchase money, as security for the money borrowed, cannot create a lien upon the homestead nor convey to the lender of the money the contract right, or the equitable title to the land, without a conveyance in the statutory mode executed by the husband and wife; and it is immaterial whether the husband's declaration of homestead was filed before or after the purchase of the land if filed before the assignment was made.

ID.—HOMESTEAD CLAIM—POSSESSION OF LAND.—One who has possession of land is owner as to all the world except the holder of the legal title, and is entitled to the benefit of the Homestead Act.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*John C. Deuel,* for Appellant.

*George A. Nourse,* for Respondent.

TEMPLE, C.—This is an action to quiet title. Plaintiff avers that she is the widow of Jesse L. Perry, deceased; that decedent died January, 1891, leaving him surviving plaintiff, his widow, and eight children; that letters of administration were duly issued to plaintiff, who qualified and administered the estate. Said Perry, in his lifetime, to wit, June 23, 1890, purchased from the Southern Pacific Railroad Company the tract of land in controversy, and said company, for a valuable consideration paid to it, agreed to make to said Perry, his heirs or assigns, when the deferred payments should be made, a good and sufficient deed for the land; that the land was purchased with community funds; that said Perry

was then residing upon the land with his family, and on the eleventh day of December made and filed for record his declaration of homestead in due form; that thereafter, in the estate of said Perry, the same was duly set apart to plaintiff for a homestead; that the court did also find that the total value of said estate was less than fifteen hundred dollars, and thereupon set over to plaintiff all of the estate of said Perry for the support of herself and her minor children; that defendant claims title to the property, but without right.

Defendant answered, denying the allegations of the complaint, and for a separate defense averred that Jesse L. Perry, on the ninth day of December, 1890, being indebted to defendant, made, executed, and delivered to him his promissory note for two hundred and eleven dollars and twenty-one cents with interest, and in case suit was instituted to collect the same, for attorneys' fees; that the said sum of two hundred and eleven dollars and twenty-one cents was part of the purchase money paid by said Perry for the said land, and that at the time of its execution said Perry assigned, transferred, and delivered to defendant all his interest in said land and the contract of purchase to have and to hold as security for the payment of the note; that no part of principal or interest of said note has been paid.

The case was tried without a jury, and the court found that the probate proceedings were in accordance with the allegations of the complaint.

The purchase was not made with community funds, but at the time of the purchase said Perry was married, and was residing on the premises with his family, and had filed a declaration of homestead thereon.

The court, in the probate proceedings, did set over to plaintiff all the right, title, and interest, claim and demand to said homestead which said Jesse L. Perry had at the time of his death, and had acquired by said purchase. And also found that the whole value of the estate of said Jesse L. Perry did not exceed fifteen hundred dollars.

CIV. CAL.—2

But the plaintiff did not by any decree become entitled to the premises in suit or acquire any muniment of title thereto or to said contract of purchase.

That Jesse L. Perry executed the note described in the answer in consideration of a loan to said Perry of two hundred and eleven dollars and twenty-one cents, which was a part of the purchase money paid for said land and contract of purchase; and that at that time said Perry assigned said contract to defendant as security for said note. Defendant is still the owner of the note, no part of which has been paid.

Plaintiff in her motion for a new trial attacks several of these findings, as not justified by the evidence; among them: 1. That the purchase was not made with community funds; 2. That the money due on the note was a part of the purchase money; and 3. That the contract was assigned.

The first is entirely immaterial. If the money was community property the husband had the control and management of it. The point aimed at was not whether the money was or was not community property, but whether it was money advanced by defendant for the purchase of the land. Even though it had been so advanced it was still community property in the hands of Perry.

But the second is also of no consequence. If one having a homestead borrows money to buy an outstanding title, or claim of title against it, the lender does not thereby acquire a lien on the homestead. Nor can I see how there can be a resulting trust. No trust results in favor of one who lends money to another with which to buy land.

The real question in the case is raised under the third point. There was no conflict in the evidence. It is a question as to the effect of the evidence.

Does the statement in the note, "This note is secured by R. R. contract 10,353 for deed, given to Jesse L. Perry," together with the fact that the contract was

then delivered by Perry to Ross, create a lien upon the land or convey to Ross the contract right?

Perry entered into the contract after he had filed his declaration of homestead. That which is covered by the exemption is the land, and not any particular claim of title to it. (*Sanders* v. *Russell*, 86 Cal. 119; 21 Am. St. Rep. 26; *Quackenbush* v. *Reed*, 102 Cal. 493; *Alexander* v. *Jackson*, 92 Cal. 514; 27 Am. St. Rep. 158.)

When Perry entered into that contract he added to his claim of title by mere possession his right under the contract, which—if the vendor was the legal owner of the land—was an equitable title. He could not convey this equitable title apart from the land, and he could not convey that except as provided in the homestead law.

The assignment of the contract would amount to nothing unless it carried the equitable title. It could not do that under the circumstances.

It is true, ordinarily, one having a contract for the purchase of land may transfer his rights by merely assigning the contract. But here is a statutory inhibition. It cannot be doubted but that Perry, after he had become the purchaser with the right of possession, could have acquired a homestead right in the premises. If he had done so he could not convey the land except in the statutory mode. He could not evade the statute and convey the land by assigning the contract of purchase.

I cannot see that it makes any difference that he filed his declaration before he made the purchase. Even then he had some evidence of title. Having possession he was owner as to all the world except the holder of the legal title, and he was entitled to the benefit of the Homestead Act.

I have assumed for the purpose of this opinion that the words quoted from the note with the delivery of the contract would amount to an assignment of the contract, if the land had not been a homestead. I doubt if

this would constitute an assignment, but under the view I have taken it is not necessary to determine that.

I think the judgment and order should be reversed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.