[Civ. No. 15841. First Dist., Div. One. Mar 9, 1954.]

THE PEOPLE, Respondent, v. WALTER ALVES, Appellant.

Marquam C. George for Appellant.

Everett C. McKeage, J. Thomason Phelps, Harold J. Mc-Carthy and Mary M. Pajalich for Respondent.

BRAY, J.—Defendant appeals from a judgment in favor of plaintiff, in an action for violation of certain sections of the Highway Carriers' Act. (Stats. 1935, ch. 223, as amended, now Pub. Util. Code, § 3501 et seq.)

QUESTIONS PRESENTED

1. Sufficiency of proof of service of Public Utilities Commission's decision establishing minimum rates.

2. Sufficiency of pleadings.

3. Variance.

4. Was the judgment excessive?

PLEADINGS

There are 10 counts in the complaint. Each count is similar in form to the others, but charges a different transportation of fruit at less than the minimum rate fixed by the commission. The first count is typical of the others. It charges that defendant is engaged in the transportation of property for compensation or hire as a business over the public highways of California by means of motor vehicles, operating as a highway carrier other than a highway common carrier. Pursuant to the act, particularly section 10 thereof, the commission by its Decision No. 33977 (Highway Carriers' Tariff No. 8) established minimum rates to be charged by all highway carriers of defendant's type for the transportation of fresh fruits and vegetables between various points. On July 19, 1950, defendant as such carrier transported 125 boxes of grapefruit from Villa Park and 325 boxes of oranges from Kathryn, over the public highways to Oakland, for the transportation of which defendant charged $177.15, when the minimum charge then applicable to the transportation of said fruit was $206.60. Charging and receiving said sum of $177.15 in full payment of said transportation violated sections 10, 12(a) and 13⅝ of said act and made defendant subject to a penalty of not more than $500 as provided in section 15(a) of the act, said penalty being payable to plaintiff.

Plaintiff prayed for the full penalty for the violation set forth in each of the 10 counts. Defendant answered, admitting the correctness of the transportation charges actually collected but denying that the amount alleged in each count as the minimum charge was correct, or that he violated the act. The court found all of the allegations of the complaint to be true and rendered judgment in favor of plaintiff for $250 on each count.

1. *Service of Decision.*

Defendant's main contention is that he was not bound by Decision No. 33977 as there is no proof it was served upon him. Section 13⅝ of the act (now Pub. Util. Code, § 3737) provided that upon the issuance by the commission of any decision or order affecting a particular class of carriers, a copy shall be served upon each carrier affected, and that each carrier shall be bound to observe any tariff, decision or order "after service thereof." Section 13½ (now Pub. Util. Code, §§ 3732, 3733, 3734 and 3735) provided that service of all decisions and orders may be made personally or by mail as outlined. Service by mail shall be complete upon the expiration of four days after mailing. "Proof of service may be made by the certificate of any officer or employee of the commission or the affidavit of any person over the age of 18 years, naming the person served and specifying the time, place, and manner of service."

It is conceded that to subject defendant to penalties for violating Decision No. 33977 there must be proof that defendant was served with a copy of it, as prescribed in the act. As there is no contention he was personally served, this means proof that a copy was mailed to him in an envelope properly addressed, etc. This brings us to the proof offered at the trial. Over defendant's objection there was admitted in evidence the following:

"CERTIFICATE OF SERVICE

"I, LEONIE CASABONNE, an employee of the Public Utilities Commission of the State of California, namely, senior clerk, having custody of the records of said Commission showing service of said Commission's decisions, orders, tariffs, rules and regulations upon the highway carriers subject to the jurisdiction of said Commission, and various other official records of said Commission pertaining to such carriers, hereby certify *that it appears from said records* that the following

decisions, orders, tariffs, rules and regulations of said Commission were served upon WALTER ALVES, by enclosing true and correct copies of said decisions, orders, tariffs, rules and regulations in sealed envelopes, with postage prepaid, addressed as shown below, and deposited in the United States Post Office in the City and County of San Francisco, State of California, on the dates shown below:

| Decision, Order Tariff, Rule or Regulation | Addressed to | Date Mailed |
|---|---|---|
| Decision No. 33977 and Appendix "C" thereto. | Walter Alves as copartner of Walter Alves and Clifford Fontes 1932 - 90th Avenue, Oakland | April 2, 1941 |

[Here follow three other orders or tariffs mailed to defendant on other days.]

and that the addresses shown above were the last known addresses of the person indicated as shown by said records of said Commission at the time of such service.

/s/ Leonie Casabonne
Leonie Casabonne

Dated, San Francisco, California
October 10, 1952.

"I hereby certify that Leonie Casabonne is regularly employed by the Public Utilities Commission of the State of California in the position of Senior Clerk.

/s/ R. J. Pajalich    "

(Emphasis added.)

■ This type of certificate is not the type contemplated by section 13½ (the present § 3735) as it is merely the conclusion of what the custodian of the records claims the records show. It is not even a certified copy of the record. Had it set forth a properly certified copy of the record it would at least have satisfied the method of proving entries in an "official document" ("by a copy, certified by the legal keeper thereof") sanctioned by subdivision 6 of section 1918 of the Code of Civil Procedure. The original "entries" thus in evidence would then be "prima facie evidence of the facts stated" therein (Code Civ. Proc., §§ 1920 and 1926); hence, prima facie evidence of the fact of service upon the defendant.

■ However, while this certificate did not comply with

section 13½ (the present § 3735), under the peculiar facts of this case its admission was not error. While defendant's objection to the certificate was broad enough to cover the fact that the certificate was the clerk's conclusion and not a copy of the record, the discussion which followed showed that defendant's real objection was not that the certificate was not a correct copy of the record, but that the record could not be proved by certificate at all, and that it was necessary to produce either the certificate or affidavit of the person actually doing the mailing. Plaintiff offered to bring the commission records and to bring Miss Casabonne in for cross-examination if defendant so desired. Defendant stated that he was not interested in either, that the section required the certificate or affidavit of the very person who made the service, that the production of the records "wouldn't serve any useful purpose." Had defendant's objection been merely to the form of the certificate, the matter could have been easily taken care of by the production of the records as offered. His failure to make an appropriate objection to the introduction of this certificate rendered the certificate and its contents competent as evidence of the fact of service. While defendant was under no duty to assist plaintiff in making out its case, he was under the duty of making clear the objection upon which he stood. Here the record shows that he was standing on an objection without merit, and not on the question of the form of the certificate. (See *Nichols* v. *McCoy*, 38 Cal.2d 447, 448 [240 P.2d 569].) While defendant's answer to the complaint can be construed as a denial of receipt of the order, and his counsel stated that he was making an issue of not receiving the order, it is significant that neither defendant himself nor anyone in his behalf testified that he had not received the order. The proof of service was sufficient under the circumstances of this case.

2. *Sufficiency of the Complaint.*

■ Defendant contends that his motion for judgment on the pleadings should have been granted because the complaint did not state a cause of action: This contention is based on his claim that the following allegations (which appear in similar form in all counts) are conclusions of law. "The lowest lawful charge then applicable to the transportation of said property, as aforesaid, was $206.60." (The complaint theretofore had alleged the establishing of the minimum rate by the commission.) "The charging . . . said sum of $177.15,

as full payment for said transportation, was in violation" of the above mentioned sections of the act. "By reason of the aforesaid violation of said" act "defendant is liable to plaintiff and subject to a penalty of not more than Five Hundred Dollars ($500.00), as provided in section 15(a) . . ." While it is probably true that the allegations that defendant had violated the act are conclusions, the allegations that defendant charged a certain figure for transporting the property and what was the lowest lawful charge then applicable to the transportation of said property, were allegations of facts. From the fact that defendant had charged less than the minimum rate fixed by the commission, it naturally followed that defendant had violated the act and a cause of action was established whether or not plaintiff alleged that such fact constituted a violation of the act.

### 3. *Variance.*

Plaintiff's Exhibit 7 which contrasted the rates actually charged and the minimum rates allowable, shows not only the number of boxes of fruit but the weight in pounds of the shipment and the rate per 100 pounds and then the total charge. Defendant contends the showing of the weight and the rate per 100 pounds constitutes a variance from the allegations of the complaint which made no reference to either weight or rate per 100 pounds, but referred to total number of boxes and ultimate charges. The detail as to the charges collected by defendant came from defendant's own books. We can see no variance. ■ Moreover, no claim of variance was made below. It cannot be raised for the first time on appeal. (See 21 Cal.Jur. 253.)

### 4. *Was the Judgment Excessive?*

■ The trial court imposed half the maximum penalty under each count. The claim that this was excessive cannot be raised on appeal unless first presented to the trial court on a motion for new trial. (*Bate* v. *Jolin,* 206 Cal. 504 [274 P. 971]; *Reid* v. *Gillespie,* 87 Cal.App.2d 769 [197 P.2d 566]; 3 Cal.Jur.2d 613-614.) This was not done. Moreover, we find no abuse of the discretion lodged in the trial court in determining the penalty. ■ There is no requirement that intent to violate the act be shown. The circumstance that defendant is charged with only 10 violations in a three-month period during which he claims to have sent out over 3,300 bills, was a matter for the trial court to consider. The judge remarked about the injury which in his experience

he had observed done the trucking business by undercutting rates. He could have awarded the full penalty.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 8, 1954, and appellant's petition for a hearing by the Supreme Court was denied May 6, 1954.