[Civ. No. 16791. First Dist., Div. Two. June 19, 1956.]

LUCILLE N. FULLER et al., Appellants, v. BOB QUENTIN CHAMBERS et al., Respondents.

378

Gregory S. Stout for Appellants.

Norman S. Menifee for Respondents.

THE COURT.—This is an appeal from a judgment of non-suit entered after plaintiffs rested in an action for the wrongful death of their son who was killed when a car in which

he was riding as a guest overturned. The driver of the car was defendant Chambers, allegedly acting in the course of his employment by defendant California Electric Supply Company. Defendant in singular will hereafter refer to defendant Chambers. The nonsuit was based on failure to prove wilful misconduct. No intoxication has been alleged.

Plaintiffs produced the eyewitness Chance, a truckdriver, who at the time of the accident was driving his Ford and trailer north on California State Highway 41 between Hub and Easton, at a place where said highway after following Elm Avenue in northerly direction turns east, follows Elkhorn Avenue east for some 220 feet and then turns north again; the east turn is indicated by a "curve" sign south of the curve. To the side of the curve is a culvert protected by a railing. It was about 6 o'clock on December 21, 1953 and dark. Chance had seen behind him the lights of a car which was gaining on him. Before entering the curve he braked and diminished his speed from 43 to 35 miles. While he was entering the curve the car passed him, driving in the southbound lane, at a speed which he estimated at double his own or 70 miles. Some 15 feet in front of the witness the car failed to negotiate the turn and, going crossways, hit the culvert and overturned, spinning sideways like a "yoyo" and landing on its top. The occupants were spilled around. When the witness reached defendant he smelled alcohol on his breath. He did not see alcohol around. There was no other traffic near.

To an action based on wilful misconduct the general rule applies that a nonsuit may be granted only when, disregarding conflicting evidence, giving to plaintiff's evidence all the favorable consideration to which it can legally be entitled, and indulging in every legitimate favorable inference which may be drawn from it, there must result a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff, if such a verdict were given. (*Marchi* v. *Virone,* 42 Cal.App.2d 124 [108 P.2d 469]; *Hallman* v. *Richards,* 123 Cal.App.2d 274, 278 [266 P.2d 812].)

The existence of wilful misconduct, like that of negligence, is usually a question of fact. (*Fisher* v. *Zimmerman,* 23 Cal.App.2d 696, 701 [73 P.2d 1243].)

In the recent case *Emery* v. *Emery,* 45 Cal.2d 421, 426-427 [289 P.2d 218], the Supreme Court repeats the general rules of what constitutes wilful misconduct: "Wilful misconduct depends upon the facts of a particular case and

necessarily involves deliberate, intentional or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of culpable person, that danger is likely to result therefrom. (Citation.) ■ 'Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its *possible* result (citation) . . .' To us it seems clear that one who, while driving an automobile, knowingly flirts with danger and, without necessity or emergency compelling him 'takes a chance' on killing or injuring himself or others, who may be so unfortunate as to be riding with him, is guilty of wilful misconduct.''

■ The intentional, knowing or wanton character of the behavior may be implied from the surrounding circumstances. (*Hastings* v. *Serleto,* 61 Cal.App.2d 672, 681 [143 P.2d 956] ; *Hallman* v. *Richards,* 123 Cal.App.2d 274, 279 [266 P.2d 812].)

In this case there was evidence of driving through a marked curve at night at a speed of 70 miles an hour and passing in said curve a trailer by driving in the lane intended for traffic in the opposite direction, all done after the consumption of alcohol.

■ As a rule wilful misconduct cannot be inferred from excessive speed alone, although the speed might be so excessive and the danger of injury to a passenger so probable that such extreme speed alone might be held to constitute wilful misconduct (*Fisher* v. *Zimmerman, supra,* 23 Cal.App.2d at p. 701-702). ■ There is no doubt that excessive speed is an important factual element to be considered (*Santman* v. *Smith,* 106 Cal.App.2d 254, 258 [234 P.2d 1036]) and that under special circumstances which must indicate to the driver the probability of an accident speed may constitute wilful misconduct. (*Hallman* v. *Richards, supra,* 123 Cal.App.2d 274, 279.) ■ Here the speed, 15 miles over the state maximum, is evidently excessive and there are several such special circumstances, the strong curve, the disregard of the warning sign (*cf. Hollingum* v. *Moore,* 102 Cal.App.2d 509, 512 [227 P.2d 845]) the going into the lane for opposite traffic in the dark in said curve in passing a large vehicle. The fact that defendant had consumed alcohol is also a circumstance to be considered as bearing on whether 70 miles per hour in the stated situation should be considered to imply

probability of danger to a guest, even if intoxication is not in itself alleged as a ground of the action. (*Hallman* v. *Richards, supra,* 123 Cal.App.2d at pp. 280 and 282.) The possibility that the warning sign may have been obscured by the trailer is an inference adverse to plaintiffs, the drawing of which might be considered by the trier of facts, but which is to be disregarded in deciding a motion for a nonsuit.

We cannot say that under the above analysis of the evidence a verdict for plaintiffs would not have been supported. The jury could reasonably have inferred from the above evidence that defendant acted with a wanton and reckless disregard of the apparent danger of his action, knowingly flirting with said danger and just taking the chance. That also a different inference could reasonably have been drawn evidently does not justify the taking of the case from the jury, in whose discretion the solving of possible conflicting inferences rests (*Halstead* v. *Paul,* 129 Cal.App.2d 339, 341 [277 P.2d 42]). The judgment of nonsuit must be reversed.

When the court had indicated that it intended to grant the motion for a nonsuit plaintiffs' attorney tried to address the court with reference to other available evidence, especially as to defendant's consumption of alcohol, but was not permitted to do so. Plaintiffs then moved to set aside the judgment of nonsuit on said grounds. Their motion was denied and they have appealed from the order of denial also. We need not decide whether said motion to vacate is of such a kind that the order denying it is appealable because after our holding that the judgment of nonsuit was erroneous, the appeal of the denial of the motion to vacate is moot and must at any rate be dismissed on that ground.

The appeal from the order denying a motion to set aside the order of nonsuit is dismissed; the judgment is reversed.

Respondents' petition for a hearing by the Supreme Court was denied August 16, 1956.