[Civ. No. 26287.   Second Dist., Div. Two.   Dec. 18, 1962.]

EFFIE MAE SHOLAR, Plaintiff and Respondent, v. ROBERT L. BARKER, Defendant and Appellant.

Charles H. Lynch for Defendant and Appellant.

McCarthy, Fujita & Taylor and George E. Taylor for Plaintiff and Respondent.

HERNDON, J.—This appeal is taken by defendant from a judgment entered in favor of plaintiff in a wrongful death action following a nonjury trial. Findings of fact and conclusions of law were waived and no motion for a new trial was made. Appellant presents only two assignments of error for our consideration: (1) that the evidence does not support the judgment; and (2) that the judgment is excessive in amount. The second assignment of error deserves no consideration for the reason that it long has been a settled rule in Cali-

fornia that the point that damages are excessive cannot be raised for the first time on appeal, but must be presented to the lower court on a motion for a new trial. (*Bate* v. *Jolin,* 206 Cal. 504, 508 [274 P. 971] ; *Reid* v. *Gillespie,* 87 Cal.App.2d 769, 771 [197 P.2d 566] , and *Jenkins* v. *Dahnert,* 202 Cal. App.2d 567, 568 [21 Cal.Rptr. 15].) ▮ It cannot be appellant's contention that the issue he meant to raise is that no damage at all was shown by the evidence (*Roche* v. *Casissa,* 154 Cal.App.2d 785, 787 [316 P.2d 776]) for the testimony set forth in his own brief on this subject indicates that evidence of substantial damage was presented.

▮ ▮ Turning then to appellant's assignment regarding the sufficiency of the evidence to support the judgment in favor of respondent, the record reveals that this action was brought by respondent following the death of her son. The evidence shows that deceased was a passenger in an automobile driven by appellant. At approximately 11 :30 p. m. on April 30, 1959, appellant's car was observed on Highway 101 near Oxnard, California, traveling 80 miles per hour and following ''bumper to bumper'' behind a car driven by a friend of appellant. In this fashion the two cars passed other vehicles on the highway on both the left and right-hand sides in the two southbound lanes of the highway until appellant's car went out of control, skidded for some considerable distance on the highway and on the dirt divider strip, rolled over, and finally came to rest right side up. Appellant had been drinking.

Appellant necessarily concedes that we may not be asked to reweigh the evidence, but only to determine whether or not there was any substantial evidence from which reasonable inferences might be drawn to support the implied findings made by the trial court in support of its judgment. It is clearly apparent from the foregoing summary that the evidence was ample to support a finding of ''wilful misconduct'' on the part of appellant as required by section 17158 of the Vehicle Code.[1] ▮ As stated in *Strnod* v. *Abadie,* 181 Cal.App.2d 737, 740 [5 Cal.Rptr. 627] : '' 'The commonly-accepted defi-

[1]Vehicle Code, section 17158, as it read at the time of the accident, provided: ''No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or wilful misconduct of the driver.''

nition of "wilful misconduct" as the term is used in the guest law is that it consists in doing something that ought not to be done or in failing to do something that ought to be done under circumstances which show either knowledge that serious injury to a guest probably will result or a wanton and reckless disregard of the possible results.' "

Although excessive speed alone does not necessarily constitute wilful misconduct, it is an important element to be considered, since it, coupled with other circumstances, may constitute such misconduct. (*Harlow* v. *Van Dusen*, 137 Cal. App.2d 547, 550 [290 P.2d 911]; and *Santman* v. *Smith*, 106 Cal.App.2d 254, 258 [234 P.2d 1036].) ▮ Traveling bumper to bumper behind another car at 80 miles per hour certainly is more than gross negligence. It demonstrates a wanton disregard of the serious consequences which were probable.

"The fact that defendant had consumed alcohol is also a circumstance to be considered as bearing on whether 70 miles per hour in the stated situation should be considered to imply probability of danger to the guest, even if intoxication is not in itself alleged as a ground of the action." (*Fuller* v. *Chambers*, 142 Cal.App.2d 377, 380 [298 P.2d 125].) Although appellant did not testify at the trial, he admitted at the coroner's inquest that he had consumed the traditional "two beers" and other witnesses described him as being "thick of speech and dazed."

"It is also a legitimate inference from the testimony that the defendant driver was racing to overtake the other car and that he was engaging in what may be termed skylarking. . . . ▮ By the term 'skylarking' we mean the indulging in antics or the cutting of capers with such automobile. [Citation.] ▮ It is a matter of common knowledge that such skylarking at high rates of speed is engaged in at times by drivers, and particularly by youthful drivers, merely for the sake of the thrill which it produces and with reckless indifference to consequences. A driver who engages in such conduct is 'knowingly flirting with danger' without necessity compelling him to take the chance. [Citation.] The probability of injury to a guest from such conduct is an apparent consequence to any person of ordinary prudence and . . . any driver engaging in such conduct is charged with implied knowledge of the probability of such injury. ▮ The type of conduct which we have termed skylarking appears to be the precise type of conduct, or at least one of the types of conduct,

which the legislature had in mind when it used the term 'wilful misconduct' in the so-called guest statute and whenever the testimony shows, directly or by legitimate inference, that a driver was engaging in such conduct, such evidence is sufficient to show wilful misconduct and to support a finding thereof.'' (*Rawlins* v. *Lory*, 44 Cal.App.2d 20, 24 [111 P.2d 973].)

We are of the view that such an inference was a most legitimate one to be drawn from the evidence in this case.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.