John Robert PENETRANTE, etc., et al.,
Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 77–3820.

United States Court of Appeals,
Ninth Circuit.

Sept. 24, 1979.

Frederic Cohen, Washington, D. C., argued, for defendant-appellant.

Lyn I. Goldberg, San Diego, Cal., for plaintiff-appellee.

Before TRASK and GOODWIN, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

The Government appeals an award of $900,000 under the Federal Tort Claims Act (28 U.S.C. § 1346(b)). We affirm.

This medical malpractice suit was brought on February 26, 1971 for injuries suffered by infant twin boys, John and Renee Gregory Penetrante, at a U. S. Army hospital. The Government admitted negligence and a non-jury trial from June 29 to July 7, 1977 was held on the question of damages. On September 1, 1977, the Court awarded damages of $2,292,123 to John, who is totally blind and severely mentally retarded, and $900,000 to Renee Gregory, who lost the sight in his right eye and suffered impairment of the left eye, with resulting physical and psychological handicaps. The Government appeals the award to Renee Gregory as excessive.

*ISSUES*

1. Whether a motion for new trial must be filed with the District Court before an appeal challenging the damages as excessive will be allowed.

2. Whether the District Court's award of $900,000 to Renee Gregory was excessive.

*FACTS*

John and Renee Gregory were born two months prematurely on December 26, 1968. Both were placed in incubators shortly after birth and oxygen was administered. Sometime later, both were discovered to have retrolental fibroplasia, which is a condition of the eyes that occurs almost exclusively in premature infants as a result of the administering of oxygen. The oxygen causes scar tissue to develop in the eye so that at the most advanced stage, the retina is pulled away from its blood supply and does not function.

We note for the purposes of this appeal that the evidence at trial was concerned with the extent of damages suffered by Renee Gregory. Appellee introduced expert testimony from an ophthalmologist, a neurologist, and a clinical psychologist. The ophthalmologist testified that Renee Gregory is legally blind in his right eye and, with glasses, has 20/50 vision in his left eye. However, this degree of vision occurred only when Renee Gregory turned his head to a degree when he attempted to read the eye chart. He further stated that because of the condition, Renee Gregory is more prone to have a retinal detachment in his left eye in later years. The possibility of such a retinal detachment is 20 percent. If such were to occur, the best that could happen is a complete reattachment with no loss of vision and the worst would be a failure to reattach the retina so that the eye has no vision. He further testified that Renee Gregory should avoid all contact sports and other activities which cause a jarring of the head. Lastly, he stated that Renee Gregory could not get a license to drive for hire and that it was questionable whether he could get a private driver's license. The range of future employment possibilities is similarly limited.

The neurologist testified that Renee Gregory is not well coordinated and has difficulty doing things that a boy his age normally does. In terms of reading com-

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

prehension, vocabulary, etc., however, he is normal if not superior in intelligence. Serious psychological problems are anticipated because of both the current restrictions placed on his activities and future fear of a detached retina.

Lastly, the clinical psychologist testified to the results of psychological tests administered over a period of years. She stated that Renee Gregory was extremely bright, but had a significant deviation from the norm in visual-motor coordination and that his social skills were poor.

The Government introduced no evidence.

*DISCUSSION*

*Issue 1*

Appellee asserts that the Government did not file a motion for new trial on the ground that the damages were excessive or on any other ground, and, therefore, is precluded from challenging on appeal the amount of damages awarded. Appellee recognizes that this question usually arises in the context of a jury trial but maintains that the rule of this Circuit and of California is the same for non-jury trials.

In turn, the Government asserts that the damages issue was presented to the Court and that no objection to the finding of damages is necessary in order to preserve the issue for appeal.

Interestingly, both parties rely on isolated portions of the language in *United States v. Harue Hayashi,* 282 F.2d 599 (9th Cir. 1960).

First, we disagree with the appellees' contention that this Circuit's rule regarding non-jury trials is the same as California's.[1]

Our query here is not one of deciding whether the procedural law of California is applicable. Rather we are to look to the Federal Rules of Civil Procedure, 28 U.S.C., or federal decisional law.

"The determination of whether an appellant in the United States Court of Appeals has preserved for review the asserted errors upon which he relies is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A., and federal decisional law. *Morgan Electric Co. v. Neill,* 9 Cir., [13 Alaska 717] 198 F.2d 119, 122. In federal practice any question which has been presented to the trial court for a ruling and not thereafter waived or withdrawn is preserved for review.[2]" *Harue Haya-*

"[2] *See the Morgan Electric Co.* case, *supra*; 6 Moore's Federal Practice, 2d ed., § 59.–14, page 3888."

*shi,* 282 F.2d at 601.

In *Harue Hayashi,* the Government was faced with a District Court award in a § 1346(b) action. The Government appealed the question of the amount of damages only. Three specific questions were presented to this Court. The first dealt with whether there was "foundation in the evidence for some of the awards." The other two questions dealt with legally claimed mitigating elements by receiving injury-related benefits from other Government funds.

These three questions, one of which questioned the sufficiency of the evidence to support some of the awards of damages, were at hand and in mind when this Court wrote in *Harue Hayashi*:

"All three of the questions pertaining to the damage awards which appellant here seeks to raise were presented during the trial and ruled upon by the trial court. It was therefore not necessary for the appellant to raise those questions again by way of a motion for a new trial in order to preserve them for review in this court. The motion to dismiss the appeal is denied." (282 F.2d at 601).

1. As stated recently in *Glendale Federal Savings & Loan Assoc. v. Marina View Heights Development Co.,* 66 Cal.App.3d 101, 135 Cal. Rptr. 802 (1977):

"Preliminarily we point out that a failure to move for a new trial ordinarily precludes a party from complaining on appeal that the damages awarded were either excessive or inadequate, *whether the case was tried by a jury or a court without a jury.*" (Emphasis added). (At 122, 135 Cal.Rptr. at 813).

*Also see Bate v. Jolin,* 206 Cal. 504, 508, 274 P. 971 (1929); *Sholar v. Barker,* 211 Cal.App.2d 31, 33, 27 Cal.Rptr. 451 (1962); *Reid v. Gillespie,* 87 Cal.App.2d 769, 771, 197 P.2d 566 (1948).

So it was here. The appellee during trial presented evidence and urged a large award. The Government presented no evidence at trial but played down the effect of the appellees' evidence.

*Harue Hayashi* does not specifically refer to Rule 52(b). Nevertheless we hold the totality of the language of *Harue Hayashi* to be interpretative of the following controlling language from Rule 52(b):

> "When findings of fact are made in actions tried by the Court without a jury [as was specifically done in this case], the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment."

We consider Issue ·1 as a motion to dismiss the appeal and deny the same.[2]

*Issue 2*

We hold the District Court's findings of the resulting injuries to Renee Gregory to be fully supported by the evidence.

■ The Government faults the District Court for not reiterating in its assessment of damages the initial injury to Renee Gregory. We disagree. The findings of the District Court explicitly described the initial injury, all of which is abundantly supported by the evidence. We see no need for the District Court to repeat the same in its resume of additional elements of damage as found by the District Court. The District Court's findings of fact must be reviewed as a whole.

■ We glean·from the evidentiary record ample evidence to fully support the District Court's findings of future fear, frustration and anxiety to Renee Gregory resulting from his initial injury. The District Court's ·award of $900,000 for Renee Gregory's initial injury and resulting effects is neither shocking to our conscience nor clearly erroneous. Fed.R.Civ.P. 52(a).

The Government asks us to reduce the award to Renee Gregory to the limits of the California statutes fixing maximum awards in medical malpractice actions. We have no need to comment on the merits of such a state statute. It is sufficient that the force of the statute postdates Renee Gregory's malpractice injury and resulting elements of damage.

The Government also asks us to compare the lesser amounts of damages allowed for loss of eyesight in other cases. This Court had been faced with similar arguments and responded in *Mattschei v. United States*, 600 F.2d 205, 209 (9th Cir. 1979):

---

**2.** We acknowledge the rule may be different in the case of an attack upon a jury's award of damages for excessiveness or lack of evidence to support the same. In *Baker v. Dillon*, 389 F.2d 57 (5th Cir. 1968), a jury's award of damages in a wrongful death diversity action was attacked as inadequate under the evidence. No motion for new trial was made. On appeal, the award was affirmed upon the following rationale:

> "It is a well-established rule of this Court that the granting or denial of a new trial on the ground of excessive or inadequate damages is a matter of discretion with the trial court, not subject to review except for grave abuse of discretion. *Rosiello v. Sellman*, 5th Cir. 1965, 354 F.2d 219, and authorities cited therein. The necessary implication of this rule is that there can be no appellate review if the trial court was not given an opportunity to exercise its discretion on a motion for a new trial. 6A J. Moore, Federal Practice ¶ 59.14, at 3890 (2d ed. 1966). Since there

was no motion for new trial in this case, we have no basis for reviewing the trial court's exercise of discretion and therefore no basis for reviewing the adequacy of damages. As the Second Circuit said in a case where the appellant alleged excessiveness of damages, "The trial court cannot be taxed with a refusal to consider the amount of the verdict as a matter of law because no motion for a new trial or to set aside the verdict on the ground of excessiveness was made. Had such a procedure been followed the trial court could, in light of all the facts then recently before it, have passed upon this point." (389 F.2d at 58).

In the interest of conserving litigators' and judicial energy, we suggest to the members of the Bar the better and more efficient practice of giving the District Court an after the fact look at a challenge to either a jury's or a District Court's award of damages through an appropriate motion.

"While courts do 'seek to maintain some degree of uniformity in cases involving similar losses,' *Felder v. United States,* 543 F.2d 657, 674 (9th Cir. 1976), damage awards turn on the facts of each case. 'While analogies to, and comparisons with, other cases may be helpful on many types of issues, their usefulness on questions of damages is extremely limited.' *United States v. English,* 521 F.2d 63, 72 (9th Cir. 1975)."

We have reviewed the awards cited by the Government and find the factual bases therefor inapposite to the factual basis of Renee Gregory's initial injury and resulting afflictions.

The judgment entered by the District Court on August 23, 1977 is affirmed.

AFFIRMED.