Filed 4/28/21 Turner v. Gordy CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RENITA TURNER, | B296756 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC641502) |
| v. | |
| PAUL T. GORDY, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:*

IT IS HEREBY ORDERED that the opinion filed herein on April 21, 2021, be modified as follows:

On page 9, after the Disposition, replace the name of Presiding Justice Lui with the name of Acting Presiding Justice Ashmann-Gerst, so that the signature lines appear as follows:

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT


There is no change in judgment.


---

* ASHMANN-GERST, Acting P. J.    CHAVEZ, J.    HOFFSTADT, J.

2

Filed 4/21/21  Turner v. Gordy CA2/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RENITA TURNER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL T. GORDY,<br><br>    Defendant and Appellant. | B296756<br><br>(Los Angeles County<br>Super. Ct. No. BC641502) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Affirmed.

Paul T. Gordy, in pro. per.; Chandler Law Firm and Paul W. Chandler for Defendant and Appellant.

Renita Turner, in pro. per., for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant Paul T. Gordy (defendant) appeals from the judgment awarding plaintiff and respondent Renita Turner (plaintiff) $226,784 in compensatory damages and $170,000 in punitive damages following a court trial in this action for breach of contract, fraud, and other claims. We affirm the judgment.

## BACKGROUND

Plaintiff filed this action against defendant and Alfonso Bustamante (Bustamante)[1] in November 2016. In her operative first amended complaint, plaintiff alleged that defendant and Bustamante induced her to enter into a series of fraudulent investment transactions in which she gave defendant a total of $172,482 in exchange for a promise that she would receive a 20 percent rate of return on her investment. Defendant gave plaintiff a series of postdated checks as payment for the promised return on her investment. In October 2014, the postdated checks defendant provided failed to clear because of insufficient funds. Defendant assured plaintiff that the problem was a banking issue and that her initial investment would be returned.

Plaintiff's initial investment remained unreimbursed in September 2015, and she demanded a meeting with defendant. During the meeting, defendant promised to return to plaintiff $56,784 in fees she had paid him for the investment transactions. Plaintiff met again with defendant in July 2016, and defendant promised to pay plaintiff at least $20,000 within two weeks and assured her he would repay her in full.

---

[1] Bustamante is not a party to this appeal.

2

Plaintiff's funds were never returned. She sued defendant and Bustamante for breach of oral contract, promissory fraud, intentional fraud, breach of fiduciary duty, conversion, unjust enrichment, and constructive trust.

Defendant filed his answer to the first amended complaint on October 5, 2017. He filed a case management statement on November 17, 2017 indicating he was self-represented and requesting a nonjury trial.

Defendant, plaintiff, and Bustamante were present at the December 5, 2017 case management conference hearing at which the trial court set a final status conference for October 11, 2018, and a trial date of October 22, 2018. The trial was bifurcated into liability and punitive damages phases. All parties were self-represented through the liability phase of the trial.

Defendant and Bustamante failed to appear at the October 11, 2018 final status conference. The trial court set an October 22, 2018 order to show cause re sanctions against defendants for their failure to appear. The trial court's October 11, 2018 minute order states that because no jury deposit fee was posted, the matter would be tried as a court trial.

Defendant and Bustamante appeared on October 22, 2018, and the trial court discharged the order to show cause and vacated its sanctions order. The matter was then called for trial. Plaintiff, defendant, and Bustamante testified, and the trial court admitted plaintiff's documentary evidence, including photocopies of checks paid to defendant or his corporation and e-mail exchanges between plaintiff and defendant. After hearing argument from the parties, the trial court took the matter under submission. No court reporter was present to record the proceedings, and neither party requested a settled statement.

3

On October 25, 2018, the trial court issued an interlocutory judgment in favor of plaintiff and against defendant and Bustamante, jointly and severally, in the amount of $170,000, plus prejudgment interest at the rate of 10 percent, on the promissory fraud and intentional fraud causes of action; against defendant only in the amount of $170,000 plus prejudgment interest at the rate of 10 percent on the breach of contract and breach of fiduciary duty causes of action; and $56,784 plus prejudgment interest at the rate of 10 percent against defendant only on the unjust enrichment cause of action.  The trial court found that defendant acted with malice, oppression, and fraud and set a date of December 10, 2018 for the trial on punitive damages.  On December 10, 2018, the trial court granted defendant's oral motion to continue the trial to January 25, 2019.

Defendant was represented by counsel at the January 25, 2019 trial on punitive damages.  Defendant's counsel initially made an oral request to continue the trial but subsequently withdrew that request and stated that he was ready to proceed.

During the trial court's examination, defendant testified that he earned $4,000 per month for a two-and-a-half-year period ending in October 2014 and $6,000 per month from mid-2015 to November 2017.

Defendant further testified that in 2017 he owned real property in the City of Yorba Linda valued at $876,000.  There was evidence that defendant transferred the property to his wife in 2017, and that an entity controlled by defendant subsequently purchased the property for approximately $800,000.  Defendant testified that the property was valued at $1.3 million in 2018 and encumbered by an $876,000 loan.  In July 2018, defendant sold

4

the property to a third party for $38,000 in cash plus assumption of the existing loan.

Plaintiff presented evidence of bank accounts held by defendant or entities controlled by him but advised the trial court that defendant had failed to produce bank statements or records for many of those accounts. Defendant and his counsel admitted that they did not provide plaintiff with all of the banking records. At the conclusion of the trial, the trial court took the matter under submission.

On January 29, 2019, the trial court entered a final judgment in favor of plaintiff awarding her $170,000 in punitive damages. The final judgment included the trial court's previous finding that defendant had acted with malice, oppression, and fraud. The final judgment also included the court's previous damages award of $170,000, plus 10 percent prejudgment interest, against defendant and Bustamante, jointly and severally, on the promissory fraud and intentional fraud causes of action and against defendant only on the breach of contract and breach of fiduciary duty causes of action; and $56,784, plus 10 percent prejudgment interest, against defendant only on the unjust enrichment cause of action.

Defendant filed a substitution of attorney on April 2, 2019 indicating he was once again self-represented. On July 24, 2019, the trial court denied defendant's ex parte application for an order shortening time on a motion to set aside and vacate the judgment under Code of Civil Procedure section 473 on the grounds of defendant's mistake, inadvertence, surprise, or

5

excusable neglect. Defendant's motion to vacate the judgment was heard and denied on October 4, 2019.[2]

This appeal followed.

## DISCUSSION

Defendant claims his health issues, including diabetes and complications following amputation of his foot several months before the October 2018 trial, disabled him mentally and physically and impaired his ability to prepare the case for trial. Defendant further claims he requested a continuance of the October 22, 2018 trial date, and the trial court's denial of that request denied him due process and violated his civil rights, the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) (ADA), and rule 1.100 of the California Rules of Court.[3] Defendant challenges the punitive damages award on the grounds that it is excessive and unsupported by the evidence.

### I. Trial continuance

"A motion for continuance is addressed to the sound discretion of the trial court." (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.) We will uphold the trial court's discretion "'if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court.'" (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126, disapproved on another ground by *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8.)

---

[2] Defendant's motion was continued twice, first on the trial court's own motion, and then by stipulation of the parties.

[3] California Rules of Court, rule 1.100 governs requests for accommodations by persons with disabilities.

6

On appeal, we presume the judgment to be correct and indulge all inferences and presumptions to support it regarding matters as to which the record is silent. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) An appellant bears the burden of overcoming the presumption of correctness by providing an adequate record that affirmatively demonstrates error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.)

When a trial date is set, the date is considered firm and continuances are disfavored. (Cal. Rules of Court, rule 3.1332(a), (c).) A party seeking a continuance must make the request for a continuance by a noticed motion or an ex parte application with supporting declarations. (Rule 3.1332(b).) A continuance may be granted only upon a showing of good cause. (Rule 3.1332(c).)

The record contains no motion, ex parte application, or oral request by defendant to continue the October 22, 2018 trial date and no order denying any oral or written request for a continuance. The record also contains no oral or written request by defendant for an accommodation under the ADA or rule 1.100 of the California Rules of Court and no order denying any such request. Where, as here, the proceedings regarding defendant's purported request for a continuance were unreported, we do not presume that the trial court denied any request for continuance on any improper basis. We instead presume that the trial court based its decision on a proper assessment of the facts. (*Denham, supra,* 2 Cal.3d at p. 564.)

Defendant's claim that he had no notice of the October 22, 2018 trial date is unsupported by the record. Rather, the record shows that defendant was present at the December 5, 2017 case management conference at which the trial court set the October 22, 2018 trial date.

7

Defendant fails to establish any abuse of discretion.

## II. Punitive damages

Defendant forfeited his appellate challenge to the amount of the punitive damages award by failing to file a motion for a new trial in the trial court below. The amount of a punitive damage award must be challenged in the trial court by way of a new trial motion, and the failure to do so precludes appellate review. (*Schroeder v. Auto Driveaway Co.* (1974) 11 Cal.3d 908, 918–919 (*Schroeder*) [defendant could not contend for the first time on appeal that compensatory and punitive damages were unsupported by substantial evidence and were excessive]; *Bate v. Jolin* (1929) 206 Cal. 504, 508 ["[t]he point that damages are excessive cannot be raised for the first time on appeal, but must be presented to the lower court on the motion for a new trial"]; *Campbell v. McClure* (1986) 182 Cal.App.3d 806, 807–808, 811–812 [that the record did not reflect any evidence of appellant's wealth could not be considered absent a new trial motion].) This rule applies whether the case was tried by a jury or, as here, by the court. (*Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co.* (1977) 66 Cal.App.3d 101, 122 [court trial]; see *Bate v. Jolin*, at p. 508 [court trial].)

Defendant's motion to vacate the judgment under Code of Civil Procedure section 473 on the grounds of surprise, excusable neglect, or mistake did not preserve his appellate challenge to the amount of the punitive damages award. His failure to file a new trial motion resulted in the forfeiture of his claim that punitive damages were excessive or unsupported by the evidence. (*Schroeder, supra*, 11 Cal.3d at pp. 918-919.)

8

## DISPOSITION

The judgment is affirmed.  Plaintiff shall recover her costs on appeal.

_____, J.
CHAVEZ

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT

9