[Civ. No. 6827. Second Appellate District, Division One.—October 20, 1931.]

CRISONOGO R. CHAPMAN, Plaintiff and Respondent; STATE COMPENSATION INSURANCE FUND, Intervener and Respondent, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

B. P. Gibbs for Appellant.

Blackstock & Rogers for Plaintiff and Respondent.

A. G. Ritter for Intervener and Respondent.

HOUSER, J.—The defendant appeals from a judgment rendered against it in an action for damages which arose from personal injuries which were sustained by plaintiff and which were occasioned by reason of a collision that occurred between a stage operated by the defendant and a truck on which plaintiff was a passenger.

The first point presented by appellant is to the effect that the evidence introduced by plaintiff which tended to show that the accident was the result of the negligence of the defendant not only was in conflict with the evidence adduced by the defendant in that regard, but as well that plaintiff's evidence was insufficient as a matter of law to sustain the judgment.

It is so universally established that a mere conflict in the substantial evidence presented by the respective parties to an action is an insufficient reason for a reversal of the ensuing judgment that it is deemed wholly unnecessary to cite any authority in support of such doctrine. As to the latter proposition advanced by appellant, it is equally well-settled law that, notwithstanding an apparent conflict between the aggregate of the evidence introduced by the plaintiff and that presented by the defendant, if it appear that the evidence in favor of the party in whose favor the judgment was rendered is legally insufficient to support it, the duty rests upon the appellate tribunal to set the judgment aside. In considering the question thus suggested, the evidence material to the inquiry is limited to that which may tend to sustain the judgment; from which in the instant appeal it follows that, except as far as it may aid plaintiff's cause, the evidence presented by the defendant may not be taken into consideration.

Disregarding any conflicting facts which might be inferred or deduced from the testimony of the several witnesses introduced by the defendant on the trial of the action, it would appear that the pertinent facts upon which the judgment herein must rest are substantially as follows: The plaintiff, who was an employee of the city of Ventura, was riding on the highway in a small truck which was owned by the said city, which truck at that time was being operated by another

city employee; that following said truck on the same highway was a stage owned and operated by the defendant; that the accident in question resulted from the fact that as the truck, so traveling on the highway, made a left-hand turn for the purpose of entering a private driveway, the stage collided with the truck and caused the injuries of which plaintiff complains; that shortly preceding the happening of the accident each of the vehicles was traveling to the right of the center of the highway at a rate of speed of from 20 to 25 miles per hour, at which time the stage was from 100 to 150 feet to the rear of the truck, and the latter was within approximately 100 feet of the intersection of the private driveway with the highway; that in such situation the driver of the truck gave the signal for a left-hand turn, which was continuously maintained until the turn of his truck was made, and at the same time slowed the rate of speed of said truck to 8 miles per hour; that neither preceding the time, nor at the instant, when the driver of the stage attempted to pass the truck, did he, or anyone else on said stage, sound a horn or give any alarm or other notice which might indicate his intention to pass the truck; that it was not until the stage with within 15 of 20 feet of the point of its impact with the truck that any attempt was made by the driver of the stage to stop it, with the result that it did not stop until it had driven the truck sidewise a distance of 30 or 40 feet into a hedge on the side of the highway, where it broke down three trees varying in diameter from 5 to 8 inches.

■ By many authorities the general rule is announced that where the direct or proximate cause of an injury arises from the violation of a statute which (for example) requires that "the driver of an overtaking motor vehicle . . . shall give audible warning with his bell, gong, or other warning device, before passing or attempting to pass a vehicle proceeding in the same direction" (subd. b, sec. 125, Cal. Vehicle Act, Stats. 1923, pp. 517, 557)—negligence is presumed as a matter of law (19 Cal. Jur. 632, and cases there cited). **[4]** But aside from such rule of law, and without reference to any possible concurring negligence on the part of the driver of the truck, it is clear that the cause of the accident was the negligence of the driver of the stage, or his lack of ordinary care in the premises to prevent the happening of

the accident, and consequently that the point urged by the appellant in that behalf cannot be sustained.

■ Appellant also contends that, since it appears that in riding in the truck on a "built-in" (?) tool-box, which was located immediately in the rear of the seat occupied by the driver of the truck, although plaintiff was "watching, thinking they were just going to pass us", he heard no horn sounded because "they never blowed no horn"; that according to the contention of the appellant, plaintiff "knew the distance between it (the stage) and the truck, knew that it was the intention of the driver of the truck to enter the private driveway, knew that it must have been the intention of the stage driver to pass the truck, and having this knowledge, he still failed to make certain that the stage driver was informed of the intent of the truck driver to enter into the driveway in question"—it would follow that plaintiff was guilty of contributory negligence, and hence precluded from a recovery of damages for the injuries sustained by him.

But it is manifest that, although plaintiff was "watching, thinking they were just going to pass us", he could have had no actual, positive knowledge of what was in the mind of the stage driver, or what was his intention with reference to driving the stage past the truck. Plaintiff had a right to assume that if such was the intention of the driver of the stage, he would comply with the precedent requirements of the statute in that regard before attempting to drive the stage past the truck; also, that said driver would see the signal which by law the driver of the truck was bound to give preceding his turn into the private driveway (subd. a of sec. 130, Cal. Vehicle Act, Stats. 1923, pp. 517, 558), and thereafter that the stage driver would use ordinary care to prevent the happening of an accident. At least until plaintiff was put on notice that in either regard such was not the intention of the stage driver, he was under no obligation either to inform the driver of the truck that he was *"thinking* they were just going to pass"*, or that after the truck driver had given the signal, regardless of such fact, the stage driver was about to attempt to drive the stage past the truck. ■ It is clear that in riding on the truck, because the plaintiff was seated on a tool-box instead of upon

an ordinary seat, cannot in itself constitute a want of ordinary care.

Considering the entire situation, it may not be stated that plaintiff omitted to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would have done, or that he did something which a prudent and reasonable man would not have done. (19 Cal. Jur., p. 548.)

It thus becomes plain that as a matter of law contributory negligence on the part of the plaintiff may not be attributed to him.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.