[Civ. No. 9821. First Appellate District, Division Two.—May 12, 1936.]

DOLLY L. SMITH et al., Respondents, v. BEVERLY BAKER et al., Appellants.

Archer Bowden for Appellants.

R. G. Wilkins, Chesley M. Douglas and A. Dal. Thomson for Respondents.

SPENCE, J.—Plaintiffs sued to recover damages resulting from the death of their daughter while riding as the guest of defendants. The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiffs in the sum of $5,000, defendants have appealed.

It was charged in the complaint that the death of the daughter was proximately caused by the intoxication of defendant Beverly Baker who was driving the automobile. Defendants denied the allegations of the complaint and affirmatively alleged that plaintiffs were guilty of contributory negligence. The trial court found that the above-mentioned allegations of plaintiffs' complaint were true. It further found that the only liquor consumed by defendant Beverly Baker was served to him by plaintiff John F. Smith but that said plaintiff had no knowledge of the intoxication of

defendant Beverly Baker. It further found that there was no negligence on the part of plaintiffs, or either of them, in permitting their daughter to ride in the automobile driven by said defendant.

Appellants contend that the evidence is insufficient to sustain the finding that appellant Beverly Baker was intoxicated and the finding that the death was proximately caused by such intoxication. They further contend that "the fact that John F. Smith served Beverly Baker with the only alcoholic liquor consumed by him on the day of the accident", bars any recovery by plaintiffs. These contentions of appellants make it necessary to summarize the evidence presented on the trial.

Appellants planned to drive their automobile from their home in Gilroy to Morgan Hill and then return. Before leaving, the fiance of the respondents' daughter asked appellants to bring respondents' daughter to Gilroy upon their return. Appellants agreed to do so. Respondents were then living separate and apart from one another. Appellants called at the place of respondent John F. Smith, near Morgan Hill, for the purpose of collecting some money which said respondent owed to appellant Beverly Baker. They remained there for about twenty minutes during which time respondent John F. Smith served appellant Beverly Baker with two glasses of port wine. Appellants told Mr. Smith that they were going to take his daughter to Gilroy with them. Appellants left and went to the Lopez place a few miles distant to find respondents' daughter. There they met respondent Dolly L. Smith and her daughter and remained only a very short time when they started on the return trip. The automobile was a Ford roadster and the top was down. Appellants were riding in the main seat while respondents' daughter and a relative of appellants were riding in the rumble seat. A large police dog was riding on the top between the main seat and the rumble seat. Appellant Beverly Baker drove the car south on the highway through Morgan Hill and the accident occurred about half a mile north of San Martin.

In our opinion, the evidence was sufficient to sustain the findings to the effect that appellant Beverly Baker was intoxicated and that the accident and death were proximately caused by such intoxication. The word "intoxication", as

used in our guest statute, has been held in *Tomlinson* v. *Kiramidjian,* 133 Cal. App, 418 [24 Pac. (2d) 559], to have a meaning similar to "under the influence of intoxicating liquor" as that term is defined in *People* v. *Ekstromer,* 71 Cal. App. 239 [235 Pac. 69, 71]. A person may therefore be said to be intoxicated or in a state of intoxication within the meaning of the guest statute, if intoxicating liquor has so far affected his nervous system, brain or muscles "as to impair, to an appreciable degree, his ability to operate his car in the manner that an ordinarily prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions". ▆ If there was any substantial evidence to show that appellant Beverly Baker was in such condition at the time that the accident happened, then such evidence was sufficient to sustain the finding of intoxication.

As above stated, it was admitted that said appellant had consumed two glasses of port wine about 45 minutes before the accident occurred. These glasses were described by him as "regular water glasses" and they were filled within about half an inch of the top. There was also testimony to show that the wine was "eighteen per cent port wine". Said appellant was a young man of 23 years of age and he consumed said wine about 2½ hours after eating his breakfast. He testified, "Well, I could feel a warm feeling like all intoxicating liquors make me feel, but I was not drunk." Respondent Dolly L. Smith testified that she talked with said appellant during the short time that he stopped at ·the Lopez place. She stated that, "He appeared very talkative, and held a continued conversation" and that his eyes "had a glassy appearance". She further testified that as he left the Lopez place, he "backed out very fast" and started down the dirt road at an excessive speed. There was other direct evidence of excessive speed between the Lopez place and the point where the accident occurred. Said appellant testified that he applied his brakes just before the accident and "it seemed to lock in some way, just jerked the car out of my hand, I had no control". He could not remember his speed before applying his brakes and when asked why he applied them, he said, "I don't know". At another point in his testimony, he was asked whether there was any object in front of him when he applied his brakes and he replied,

"It seems as though there was, and then I was—I can't remember exactly whether there was or not; it seems as though a car ahead of me slowed down or speeded up. I can't recall exactly; it just seems like a dim recollection—I couldn't swear, I am not sure about it." He was further asked regarding his sensation after the brakes locked as claimed by said appellant and said, "I had no sense of feeling". The evidence showed that the nearest vehicle was about 1,000 feet from said appellant at the time that he applied his brakes. The skid marks on the highway were about 250 feet in length running off to the right side and then back to the left side. The car then struck a fence and broke off six heavy fence posts before turning over. The speed of the car was estimated in excess of 60 miles per hour. There was a strong odor of alcohol on said appellant's breath when he was given aid by a traffic officer after the accident. A doctor testified that, from the facts presented in a hypothetical question, the person "would not be absolutely sober"; that a young man of 23 "is more susceptible to the influence of the wine than would be a man who was used to it over a period of years"; that the fact that a person's stomach is empty has some effect on the action of the drink; that it would affect his ability to drive a car as it would excite his nervous system and he would be exhilarated. ■ While the evidence fails to show that said appellant had been on what may be termed a drunken orgy or that he was in a maudlin condition at the time, this was not necessary. The above-mentioned evidence and other evidence found in the record was ample to sustain the trial court's finding that he was in a state of "intoxication" as that term is above defined and that such intoxication was the proximate cause of the accident and death.

■ We now come to the issue of contributory negligence. Here, again, we believe the trial court's findings are sustained by the evidence. Respondent John F. Smith testified that said appellant appeared sober when he drove away after drinking the two glasses of wine. Respondent Dolly L. Smith was not present when said appellant was drinking and there is nothing to show that she even knew that he had been drinking. She might have suspected that he had been drinking by reason of his actions at the Lopez place, but it does not follow that she knew that he was intoxicated. While

the wine was served to said appellant by respondent John F. Smith, we are nevertheless of the opinion that the issue of contributory negligence was, under the evidence presented by the record, a question of fact as to both respondents and that the findings of the trial court on that issue may not be disturbed upon the theory that respondents were guilty of contributory negligence as a matter of law. In the recent case of *Lindemann* v. *San Joaquin Cotton Oil Co.*, 5 Cal. (2d) 480 [55 Pac. (2d) 870], the court said, ''Petitioners zealously contend that the same evidence which impliedly established Ewing's intoxication also inextricably enmeshed Lindemann in its skeins, and notwithstanding the fact that the jury impliedly found that he was not guilty of contributory negligence, its implied finding is so entirely lacking in evidentiary support as to render such finding error as a matter of law. *The intoxication of Ewing and Lindemann's knowledge of that fact were two distinct issues submitted to the triers of the facts.*'' (Italics ours.) The court there distinguished the cases of intoxication in which it has been held as a matter of law that recovery could not be had and we believe the present case may be distinguished upon the same grounds. We again point out that this was not a case in which the parties had participated in a drunken orgy or in which the driver was in a maudlin condition and, under the evidence, we find no inconsistency between the trial court's finding of intoxication of the driver *at the time of the accident* and its finding that respondents were not chargeable with contributory negligence.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 10, 1936.

Curtis, J., voted for a hearing.