[Civ. No. 20267.   Second Dist., Div. Three.   Dec. 16, 1954.]

TRESA A. BOLTER, Appellant, v. ALSON CLARK,
Respondent.

Stanley Fleishman for Appellant.

Crider, Tilson & Ruppé and George O. West, for Respondent.

SHINN, P. J.—Tresa A. Bolter brought suit against Alson Clark to recover damages for injuries sustained while riding in defendant's automobile.  She alleged in one cause of action

that she was a passenger and was injured through defendant's negligence; in a second cause of action that she was a passenger and suffered property damage consisting of expenses incurred and wages lost by reason of her injuries; a third cause of action alleged that she was a guest and was injured as a result of defendant's negligence due to his intoxication and due also to his wilful misconduct. At the close of plaintiff's evidence the court granted defendant's motion for nonsuit. Plaintiff appeals.

There was evidence of the following facts: Defendant came to plaintiff's apartment about 6:30 p.m., bringing a can of peanuts and a pint bottle of whiskey; his breath exuded alcoholic fumes which plaintiff noticed; defendant had two drinks from the bottle, about half its contents. Plaintiff had none. The parties had known each other about six years. On the evening of the accident they left the apartment together and rode to a drive-in restaurant where they had dinner at about 8 p. m. They then went for a drive. They stopped at a market where defendant made some purchases. Called as a witness under section 2055 of the Code of Civil Procedure, defendant gave his account of the accident. He was traveling east on Adams Street approaching Raymond at about 9:30 p.m.; an old car was traveling on his left. Defendant was in the outside lane. When he was some 200 feet from Raymond, he realized there was a crosswalk at the intersection. The other car was some 60 feet ahead and obstructed his view of part of the crosswalk. Defendant was going about 25 miles per hour. He had slowed down. The other car also slowed down; defendant put on his brakes gently; he did not then see a pedestrian in the crosswalk. The other car stopped suddenly. Defendant applied his brakes more forcefully. There was a pedestrian in the crosswalk. Defendant was from 25 to 40 feet away, going about 10 miles per hour. When he first saw the pedestrian the latter was moving toward the south side of the street. Defendant did not sound his horn. He uttered no warning; he did not attempt to brace plaintiff; she was thrown from her seat; defendant assisted her to her seat and drove her home and carried her inside. Defendant admitted having telephone conversations with plaintiff; that he said he did not want the matter to go to court; he may have remarked "I had some liquor that night." Mrs. Bolter testified that defendant brought a pint of whiskey to the apartment and drank about half of it in about 20 minutes.

Defendant did not deny this testimony. He did testify that two drinks had never had any effect upon him that he was able to observe but he did not testify that he would be unaffected by a half pint of whiskey drunk within 20 minutes.

Plaintiff's contentions are, that giving full credit to the evidence and the inferences most favorable to her, it would have been reasonable for the jury to find that defendant was intoxicated, that he was guilty of negligence as a result of his intoxication and that he was guilty of willful misconduct. We agree with the first and second contentions and disagree with the third.

The evidence tending to prove intoxication was that defendant had liquor on his breath when he came to the apartment and that he had two large drinks of whiskey some 20 minutes apart. He did not testify to the size of the drinks. Defendant did not deny that he brought a bottle of whiskey to the apartment and drank half of it, although he did testify that two drinks would not affect him. Mrs. Bolter had ridden with defendant before. She was with him some two hours from the time they left the apartment until the accident. During that time they had dinner and drove about until 9 :30 p. m. She did not testify that defendant's speech or conduct indicated intoxication or was otherwise than normal. He was driving somewhat faster than usual, she said, and his stops were somewhat more abrupt than usual. Neither the speed nor the stops evoked any complaint or any anxiety on her part. Defendant is correct in saying that in all the cases of intoxication relied upon by plaintiff (*Johnson* v. *Marquis,* 93 Cal.App.2d 341 [209 P.2d 63]; *Erickson* v. *Vogt,* 27 Cal.App.2d 77 [80 P.2d 533]; *Lindemann* v. *San Joaquin Cotton Oil Co.,* 5 Cal.2d 480 [55 P.2d 870]; *Knickrihm* v. *Hazel,* 3 Cal.App.2d 721 [40 P.2d 305]; *Smith* v. *Baker,* 14 Cal.App.2d 10 [57 P.2d 960]), there was not only evidence of drinking but also of conduct of a reckless and irresponsible nature which was indicative of intoxication of the driver. However, defendant does not cite any authority to the proposition, nor argue that it is necessary to prove that one accused of intoxication was driving a car recklessly in order to prove that he was intoxicated. We do not believe that a court could properly hold, as a matter of law, that a half pint of whiskey, consumed over a period of some 20 minutes, would not produce a state of intoxication. The most that defendant would be justified in contending on that score would be that it is a matter upon which

reasonable minds might differ. We therefore conclude that the question of Clark's intoxication was for the jury.

Defendant contends further that there was no evidence of negligence, and also that if there was negligence, it was not reasonably attributed to defendant's intoxication. The fact that plaintiff was thrown from her seat indicated that the car was stopped with a violent jerk due to the sudden appearance of a pedestrian in the crosswalk. That was defendant's version of the incident. But, assuming the truth of that statement, would defendant have seen the pedestrian sooner or stopped less abruptly if he had exercised ordinary care or had been sober? These are not questions of law. Who can say that the accident would certainly have happened if Clark had been sober or had been more alert? We cannot, and we think the court should have submitted these questions to the jury. There was sufficient evidence to support findings that defendant failed to exercise ordinary care and that he was so affected by the liquor he had consumed as to be unable to make use of his faculties in a normal manner or to exercise sound and prudent judgment in the circumstances which he encountered. (See *Knickrihm* v. *Hazel*, 3 Cal.App.2d 721, 727, *supra*.)

We have not found in the record any evidence that would have supported a finding of willful misconduct. In *Van Fleet* v. *Heyler*, 51 Cal.App.2d 719, at page 727 [125 P.2d 586], the court stated: "There are conflicting statements in the decisions which undertake to define 'wilful misconduct.' But on consideration of the cases on the subject, and reconciling them as far as possible, we find them to divide 'wilful misconduct' into two distinct lines of action, either of which will render a driver liable to his guest for its results, as follows: first, 'the intentional doing of something with a knowledge that serious injury is a *probable* (as distinguished from a possible) result'; and, second, 'the intentional doing of an act with a wanton and reckless disregard of its *possible* result.' " Mrs. Bolter wore a brace upon one leg, due to a condition resulting from polio. She walked with crutches. We recognize that defendant had a duty of care commensurate with the likelihood that careless driving upon his part would create an unusual hazard for his guest. ▮ It was the sort of care that is required to prevent harm to one who is delicate and peculiarly susceptible to injury. Defendant should have been extremely careful to see that no injury befell plaintiff, but we can point to nothing in his conduct

which would indicate that his actions were intentional or that his conduct was wanton or reckless. No doubt the sudden stopping of the car was instinctive. But if defendant was negligent because of his failure to exercise extreme care for the safety of his guest this would fall short of willful misconduct.

Plaintiff's final point is that she suffered property damage consisting of medical expenses incurred, wages lost and impairment of earning ability and that for these she could recover for simple negligence. She says that section 403 of the Vehicle Code which allows the recovery of damages by guests only for conduct resulting from intoxication or willful misconduct does not apply to property damage. The point is not well taken. ■ In actions for injuries to the person, damages are allowed for expenses necessarily incurred in the care and cure of the injured person, for pain and disability and for loss of time and impairment of earning capacity. (14 Cal.Jur.2d, §§ 150 to 154.) ■ Hence section 403 of the Vehicle Code has application to all damages that are recoverable by a guest in an action for personal injuries. ■ It was error to grant a nonsuit.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.