[Civ. No. 6293.   Fourth Dist.   June 13, 1960.]

ROBERT J. STRNOD, Appellant, v. ANGELO J. ABADIE, Respondent.

738

Victor A. Berry and Doepker & Hennessey for Appellant.

Jacobs, Jacobs & Nelson for Respondent.

SHEPARD, Acting P. J.—Plaintiff brought this action for personal injuries against the defendant, driver of an automobile in which plaintiff rode as a guest, and alleged as grounds of complaint, wilful misconduct in the first cause of action, and intoxication in the second cause of action. The

court granted defendant's motion for a nonsuit on plaintiff's opening statement as to the first cause of action, and the jury returned a verdict for the defendant on the second cause of action. Plaintiff appeals.

### NONSUIT ON WILFUL MISCONDUCT COUNT

Appellant charges error in the granting by the court of the motion for nonsuit as to count one, which pertained to wilful misconduct. Substantially the facts related by plaintiff's opening statement, as shown by the record, are as follows:

On October 11, 1955, plaintiff and defendant were friends serving in the United States Marine Corps at El Toro Air Base near Santa Ana, California. After consuming some beer at the Base enlisted men's club in the afternoon, they went to Santa Ana in defendant's car with defendant driving. Defendant drove carefully. They had more beer at Santa Ana. Defendant purchased a fifth of whiskey. They left Santa Ana at 11:30 or 12 o'clock at night, intending to go to Laguna Beach to make arrangements for a holiday party the next day. Each took a few sips of whiskey. Defendant showed no evidence of intoxication, and was driving carefully. The weather was a little foggy, they were not speeding. Plaintiff fell asleep. Sometime after plaintiff fell asleep, the car was diverted to the driver's left across and off the road, down an embankment, and collided with a power pole, causing injuries to both plaintiff and defendant. Neither plaintiff nor defendant have any memory of what occurred at the time of the accident, nor how it happened. The following morning both awoke in the hospital about four hours after the accident occurred, and then plaintiff observed that defendant was intoxicated.

Following this opening statement, defense counsel moved for nonsuit. A discussion then occurred, without presence of the jury, between court and counsel, in which the court invited plaintiff's counsel to relate any other facts that he thought might be divulged by the evidence to show wilful misconduct. Plaintiff's counsel could think of nothing else that the evidence might show. Ultimately the following colloquy occurred between court and counsel:

"THE COURT: All right, and that insofar as your wilful misconduct is concerned, the inference from which you ask to have the jury draw an inference of wilful misconduct would be going across the double line of the highway and hitting a post on the other side?

"MR. DOEPKER: Yes.

"THE COURT: That is the lawsuit?

"MR. DOEPKER: That is the lawsuit, your Honor, exactly."

The allegations of complaint contained in the wilful misconduct cause of action were general and not specific in character.

"The commonly-accepted definition of 'wilful misconduct' as the term is used in the guest law is that it consists in doing something that ought not to be done or in failing to do something that ought to be done under circumstances which show either knowledge that serious injury to a guest probably will result or a wanton and reckless disregard of the possible results." (*Carmean* v. *Bridges,* 142 Cal.App.2d 99, 101 [1] [297 P.2d 671].)

"A nonsuit or a directed verdict may be granted 'only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given.' " (*Estate of Lances,* 216 Cal. 397, 400 [1] [14 P.2d 768].)

In the case at bar, there is no evidence whatever as to the state of mind of the defendant immediately prior to or at the time of the accident. There is no showing whatever that he had previously been sleepy, had dozed off, or was in any way aware of the approach in him of a soporific condition. There is no evidence whatever of the presence or lack of other traffic on the highway, nor of the conduct of other possible drivers. He might have fallen asleep without realizing his drowsiness, he might have been forced off the road by another driver, he might have mistaken his direction by reason of the fog, he might have wilfully and deliberately driven down the embankment. There is no evidence from which any one particular inference could be drawn.

"A legal inference cannot flow from the nonexistence of a fact; it can be drawn only from a fact actually established. (Citation.) It is axiomatic that 'an inference may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guesswork.' " (*Eramdjian* v. *Interstate Bakery Corp.,* 153 Cal.App.2d 590, 602 [5-6] [315 P.2d 19].)

The last information we have respecting his conduct prior to the accident is that he was driving carefully and was not

intoxicated. There is no contrary evidence. As was said in *Reese* v. *Day,* 131 Cal.App.2d 730, 735 [1b] [281 P.2d 263]:

"There is no evidence in the record bearing on the conduct of the deceased driver just prior to the making of the left turn which gives any indication of whether he did it intentionally, either with the knowledge that it was likely to result in serious injury, or with a wanton and reckless disregard of possible consequences. . . .

"In the instant case we have no clew whatever as to the state of mind of the deceased. There is still a line between gross negligence and wilful misconduct. The most that can be reasonably inferred from the circumstances herein, is that the deceased was grossly negligent."

The cases of *Pennix* v. *Winton,* 61 Cal.App.2d 761 [143 P.2d 940, 145 P.2d 561], and *Erickson* v. *Vogt,* 27 Cal.App.2d 77 [80 P.2d 533], cited by appellant, are easily distinguishable in that in each of those cases the defendant had, prior to the accident therein related, been warned of his soporific condition and nevertheless wilfully continued to drive. Such evidence is completely absent in the case at bar. The court's order granting the motion for a nonsuit as to the count pertaining to wilful misconduct was correct.

### DENIAL OF ORDER TO COMPEL DEFENDANT TO PRODUCE EVIDENCE

Appellant contends that the court erred in refusing to order in advance of trial that the defendant produce Department of the Navy medical records to show defendant's condition as to intoxication immediately following the accident. The record indicates that defendant's condition at the time he entered the hospital might have been diagnosed as simple drunkenness because the next day a card was seen over his bed which read "plain drunk." It appears that the authorization of the defendant was needed to obtain these records from the Department of the Navy in Washington, D. C. Trial had been set for January 26, 1959. Arrangements had been made to have defendant sign the authorization, and apparently he did so on January 9, 1959. January 20, 1959, plaintiff moved the court for an order to require defendant to produce these documents. They were not then in the possession of nor under the control of the defendant. He had already authorized the Navy Department to send them to the court, which was the most that he could do. Apparently

the records, at the time of the trial, were in the mail to the office of plaintiff's counsel in Butte, Montana. Plaintiff contends that he could not have asked for a continuance as he did not have full knowledge of the contents of the documents. However, such objection was specifically waived in the pretrial conference order. Furthermore, plaintiff had defendant's deposition to show the materiality of the records. (*Union Oil Co.* v. *Superior Court*, 151 Cal.App.2d 286, 293 [9] [311 P.2d 640].) The continuance might well have been granted if a proper motion had been made. Plaintiff had at hand all the material necessary to produce an affidavit of materiality and due diligence. (Code Civ. Proc., § 595.) As the defendant did not have possession, custody or control of the records at the time the motion was made, the court obviously could not have ordered him to do something which was beyond his power to do. We see no error in denying plaintiff's order requiring defendant to produce said records.

### EVIDENCE SUFFICIENT TO SUPPORT VERDICT OF JURY

██ Appellant next contends there is no substantial evidence to support the verdict of the jury and the court erred in refusing to set aside the judgment on motion therefor. It would appear that in order to reach the verdict the jury arrived at it must have found either (1) that defendant was not intoxicated at the time of the accident; or (2) if he was intoxicated plaintiff was contributorily negligent, or (3) had assumed the risk, or both. While it is true that the plaintiff is not barred from recovering as a matter of law merely because plaintiff and defendant had been drinking together as a part of the holiday they were enjoying, nevertheless under the circumstances present in the case at bar, the questions of contributory negligence and assumption of risk were questions of fact for the jury. (*Pennix* v. *Winton, supra,* p. 763 [1].) We cannot speculate on what grounds the jury found for the defendant. ██ On appeal the reviewing court will review the evidence upon which a verdict is based in the light most favorable to the respondent, and the court will not attempt to reevaluate the evidence. (*Monroe* v. *Lashus,* 170 Cal.App.2d 1, 8 [7] [338 P.2d 13].) There was substantial evidence in the record from which the jury could have reached either one of the three conclusions hereinabove noted.

The judgment is affirmed.

Coughlin, J., concurred.