[Civ. No. 6507.   Fourth Dist.   Apr. 10, 1961.]

BETTY HOOKER, Respondent, v. MATEO O. OCLARAY, Appellant.

Wyman, Finell & Rothman and Frank Rothman for Appellant.

Nicholas H. Dubsick, Marvin E. Helon and Dubsick & Helon for Respondent.

SHEPARD, J.—This is an appeal by defendant from an order granting a new trial after verdict and judgment for defendant in a personal injury action.

In general substance, the pertinent facts upon which defendant bases his appeal are as follows: Plaintiff was a guest passenger in an automobile involved in an intersection collision. She was riding in the right-hand side of the front seat. A 2-year-old child was standing in the seat between plaintiff and the driver. One end of a string-tied bundle of five small wooden poles rested in the curve or depression between the right door and the right shoulder of the back of the front seat. The front end projected 6 to 9 inches forward from the seat back. The other end rested on top of the rear seat back. The husband of the driver sat in the left rear seat, with the poles to his right. There was ample room, no crowding and no evidence that the poles or the child interfered with the driver or were in any way a causative factor in the collision.

Defendant approached from plaintiff's driver's left on a street controlled by a stop sign. Plaintiff's driver was making a left turn from a through street into the street from which defendant approached the intersection. The evidence is in conflict as to the exact detail of the movements of the cars at the point of impact, and as to whether or not one driver or both negligently caused the accident. There was no conflict in the evidence that the left side near the center post of the car in which plaintiff was riding was damaged and that its front was undamaged. The left front of defendant's car was damaged.

Defendant submitted a general contributory negligence instruction. It did not mention the child, nor the poles, as possible contributory negligence factors. It was refused by the court. In his argument to the jury, defense counsel indulged briefly in speculation on whether or not the poles or the child may have interfered with the driver as a causative factor of the collision in some way not disclosed by the evidence. At somewhat greater length defense counsel discussed the presence of the child and the poles as a proximate cause of the injury. This latter discussion appears to have been based on medical and factual testimony relating to the possibility that the cervical vertebrae fracture of which plaintiff complained, might have been caused by a blow ''from the side,'' and that the bruises on the body and thighs might have been due to catching the child as it was thrown against plaintiff. The poles apparently were in a position that was secure for ordinary driving purposes. There was no evidence to the contrary, nor has defendant cited any evidence that

the poles were at any time dislodged from their original position. Our search of the transcript revealed none.

On motion for a new trial, arguments of counsel covered exhibits of various kinds, possibilities of causation, alleged unfair arguments of counsel to the jury, positions of the cars as shown by the exhibits (none of the exhibits were included in the record brought to us), inability of defendant to speak English, alleged inferences in defense counsel's argument that plaintiff's driver should have been the true defendant, whether or not the verdict was fair, and the propriety of discussions by defense counsel allegedly inferring contributory negligence by plaintiff. With this background, the court commented in substance that it then felt the important question for it to determine was whether or not the jury had, by defense counsel's argument, been led to believe that plaintiff was guilty of some contributory negligence barring recovery. The motion was made, argued and submitted on January 8. Four days later, on January 12, the court filed its written order granting a new trial on the sole ground of the insufficiency of the evidence to sustain the verdict of the jury. The written order contains no limitation nor opinion, and assigns no extraneous reason.

## CONTRIBUTORY NEGLIGENCE

Defendant contends that the court's order granting a new trial was erroneous. He alleges that the court's order was entirely based on the false premise that contributory negligence was not, under the evidence, a factor in the case, and that under the evidence the trial court was in error in refusing the contributory negligence instruction.

It is, of course, true that the question of contributory negligence is ordinarily one of mixed law and fact. If two different inferences can reasonably be deduced from the evidence, one that contributory negligence of the plaintiff did proximately contribute as a cause of the injury complained of, and the other that it did not, then the trial court is required to give a proper contributory negligence instruction at the request of defendant in order that defendant's theory of the case may be fairly considered by the jury. In such case it does, of course, become a question for the trier of fact. (*Callahan* v. *Gray*, 44 Cal.2d 107, 111 [2, 3] [279 P.2d 963]; *Anthony* v. *Hobbie*, 25 Cal.2d 814, 818 [3] [155 P.2d 826]; *Polk* v. *City of Los Angeles*, 26 Cal.2d 519, 530 [8] [159

P.2d 931]; *Hudson* v. *Rainville,* 46 Cal.2d 474, 477 [2] [297 P.2d 434].)

However, it is also true that if two inferences cannot reasonably be drawn from the evidence, and there is no evidence from which contributory negligence can properly be deduced, the trial court should not give such an instruction. (*Zollars* v. *Barber,* 140 Cal.App.2d 502, 509 [13] [295 P.2d 561]; *Flynn* v. *Grand Central Public Market, Inc.,* 176 Cal.App.2d 243, 245 [1] [1 Cal.Rptr. 237].)

Further, contributory negligence will not ordinarily result from a failure to foresee that another will violate the law. (*Fietz* v. *Hubbard,* 59 Cal.App.2d 124, 129 [2] [138 P.2d 315]; *Bady* v. *Detwiler,* 127 Cal.App.2d 321, 338 [16] [273 P.2d 941].) This rule is succinctly set forth in *Robbiano* v. *Bovet,* 218 Cal. 589, 597 [4] [24 P.2d 466], as follows:

"The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable grounds to think otherwise, it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty by such other person." See also *Leo* v. *Dunham,* 41 Cal.2d 712, 715 [4] [264 P.2d 1]; *Richter* v. *Adobe Creek Lodge,* 143 Cal.App.2d 514, 518 [3] [299 P.2d 941].

The inference that plaintiff's injuries resulted from the poles or the child, or both, is at best tenuous. But assuming that the evidence is reasonably susceptible of such inference, still defendant has not cited, nor have we been able from a review of the record to find, any evidence from which it could reasonably be deduced that plaintiff did anything that an ordinarily prudent person would not do, or omitted to do anything that an ordinarily prudent person would do in connection with the carriage of the poles or the child as shown by the evidence. The bundle of poles, as above pointed out, was in an apparently secure position. There is no showing that it was, in fact, dislodged. There was no showing that if an emergency stop had been made and the poles slid forward, they would have in any way touched plaintiff, or that the child would have fallen on and hurt plaintiff.

We are not here confronted with injury to the child itself. The seat was wide. There was no crowding. Defendant does not point to any rule of law forbidding the carriage of the poles in the manner described in the evidence. Carriage of books, boxes of groceries, fishing poles, curtain rods, suitcases,

and thousands of other articles in a passenger car is a matter of normal, ordinary practice. If they are reasonably secure from the hazards of normal driving, it is difficult to understand how the passenger should be charged with foreseeing that some one else will violate the law and strike the car from the side. Of course, under the instructions as given, if defendant was guilty of no law violation and no negligence proximately caused the accident, defendant clearly would not be liable. We are here discussing only the question of contributory negligence. The trial judge saw and heard the evidence. It was his duty in the first instance to determine whether or not there was any evidence from which a deduction of contributory negligence could fairly or reasonably be made. We are unable, from a review of the evidence here presented, to find error in his decision in this respect. (*Chapman* v. *Pickwick Stages System*, 117 Cal.App. 560, 565 [6] [4 P.2d 283].) ■ An inference may not be based on mere suspicion, imagination, surmise or conjecture. (*Strnod* v. *Abadie*, 181 Cal.App.2d 737, 740 [3] [5 Cal.Rptr. 627].)

We comment on this solely because upon retrial the same question may appear. If the evidence on retrial does show some facts from which contributory negligence on the part of plaintiff could fairly be deduced, then what we have here said would not be applicable.

■ In any event, the order of the trial court cannot be controlled by oral comments made during the arguments on the motion. That rule is doubly applicable here because it is not entirely clear as to whether the court was referring to the question of causative factors of the accident or causative factors of the injury. ■ As was said in *Yarrow* v. *State*, 53 Cal.2d 427, 437-438 [13] [348 P.2d 687] :

"The order is measured by its terms and not by any reasons the court may give for it. [Citations.] It is recognized that 'the reasons given by the court for its action may be bad, and the decision, at the same time, correct for other reasons. It is the action of the court that is presumed to be correct and this presumption obtains even though the reasons given may be bad.' [Citations.] ■ The reasons stated may be valuable in illustrating the trial judge's theory but they are not binding on an appellate court [citation] and they may never be used to impeach the order or judgment."

The order is affirmed.

Griffin, P. J., and Coughlin, J., concurred.